# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| ERIC J. BUTLER, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| DOUG UNDERWOOD; | : | |
| Lieutenant JAMES BLAND; | : | |
| BRIAN OWENS; | : | **NO. 5:12-CV-1 (MTT)** |
| LILLIAN WARREN; | : | |
| COII DEXTER SPIKES, | : | |
| | : | |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **ERIC J. BUTLER**, a prisoner at Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also sought leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). The Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered him to pay $9.75 as an initial partial filing fee. (Doc. 12). On April 2, 2011, Plaintiff paid this amount. Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of Baldwin State Prison.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint

that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state

law.  ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## *II. STATEMENT AND ANALYSIS OF CLAIMS*

Plaintiff alleges that he was stabbed by other inmates on September 25, 2011.  He was taken to the hospital where he received stitches and was then "placed in the hole."  (Doc. 5 at 5). According to Plaintiff, on October 8, 201,1Defendant Doug Underwood told him that he was being moved to another area.  Plaintiff states that he protested the move because he did not want to be placed in a room with anyone following the attack on September 25, 2011.  Plaintiff alleges that Defendant Underwood ignored his pleas and insisted that he was going to move.

The complaint shows that on October 9, 2011, Doug Underwood returned to "the hole" and forced Plaintiff to return to the general population.  Plaintiff states that he informed Defendant Underwood again that he was previously stabbed and did not want to be taken out of segregation because he feared that he might be harmed again.

Plaintiff explains that soon after he was forced out of segregation, he was stabbed again, had to be rushed to the hospital again, and had to have staples placed in his upper back.

Plaintiff maintains that Defendant Dexter Spikes issued a disciplinary report following the second stabbing incident and Defendant James Bland "signed off on it." (Doc. 5 at 5). According to Plaintiff, Defendant Lillian Warren found him guilty of "INJURY TO INMATE/ONESELF" in the second stabbing incident. (Doc. 11-2). Plaintiff alleges that he "should be able to sue [Spikes, Bland, and Warren] for false entry" because the "disciplinary report [goes] to the parole board." (Doc. 11).

Plaintiff has attached a copy of his Disciplinary Report that shows he received 90 days telephone restriction, 90 days store restriction, 90 days package restriction, and 90 days impoundment of personal properly as a result of the disciplinary report/hearing. (Doc. 11-2). Plaintiff claims he was never taken to "disciplinary court on this charge" prior to the imposition of sanctions. (Doc. 11-3).

To the extent that Plaintiff raises a lack of due process claim against Defendants Dexter Spikes, James Bland, and Lillian Warren, he cannot prevail. With any due process claim, the Court "must first determine whether the injury claimed by the plaintiff is within the scope of the due process clause." ***Kirby v. Siegelman***, 195 F.3d 1285, 1290 (11th Cir. 1999). In ***Sandin v. Conner***, 515 U.S. 472, 484 (1995), the Supreme Court found that a prisoner can be deprived of his liberty so as to be entitled to due process under the Constitution in two circumstances: (1) when the condition is so severe that it essentially exceeds the sentence imposed by the court; and (2) when the State has conferred a certain benefit on prisoners by statute or administrative policy and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to

4

the ordinary incidents of prison life." *Id.*; ***Bass v. Perrin***, 170 F.3d 1312, 1318 (11th Cir. 1999). The inmate in ***Sandin*** received a thirty day sentence in administrative segregation, which the court adjudged was not an "atypical and significant hardship" in the prison setting. Therefore, the inmate was not entitled to due process under the Constitution. **Sandin**, 515 U.S. at 485-86.

In this case, Plaintiff states that he temporarily lost some privileges. This loss, "though concededly punitive, does not present a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence." *Id.* at 485. Thus, in subjecting Plaintiff to this penalty, prison officials did not deprive him of a constitutional liberty interest that entitled him to due process procedures at a disciplinary hearing. *See **Bell v. Holder**,* 2011 U. S. Dist. LEXIS 153963 AT *18-*19 (M.D. Ala. Nov. 14, 2011); ***Johnson v. Giles***, 2011 U. S. Dist. LEXIS at *29-*30 (M. D. Ala. July 26, 2011).

To any extent that Plaintiff alleges he may be denied an early parole based on the disciplinary reports, the law is clear in Georgia: an inmate has no liberty interest in parole. ***Sultenfess v. Snow***, 35 F.3d 1494 (11th Cir. 1994). Moreover, there is no federal constitutional right to parole. ***Greenholtz v. Inmates of Neb. Penal & Corr. Complex***, 442 U.S. 1, 7 (1979). Therefore, this allegation fails to state a viable due process claim. Moreover, Plaintiff's allegation that the parole board may deny him parole due to the disciplinary report is completely speculative.

It appears that Plaintiff makes only an assumption that he may have to spend more time incarcerated because of the disciplinary report. However, to any extent that Plaintiff alleges he lost any type of good-time credit, his claim is barred by ***Heck v. Humphrey***, 512 U.S. 477 (1994), and its progeny, including ***Edwards v. Balisok***, 520 U.S. 641 (1997). In ***Heck***, the Supreme Court held

5

that if a judgment in favor of a prisoner seeking damages[1] in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, the claim for damages was not cognizable under § 1983 and the complaint must be dismissed. The claim for damages will not exist unless and until the prisoner can demonstrate that the conviction or sentence has previously been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. Although *Heck* did not concern disciplinary proceedings, its holding was subsequently extended to attacks on prison disciplinary proceedings where the claim for damages was based upon an institutional administrative ruling that resulted in the loss of credits against the inmate's sentence, thereby having the effect of lengthening the sentence. *Edwards*, 520 U.S. at 648.

Plaintiff has also named Brian Owens in the heading of his complaint. However, he makes no allegations against this individual. A § 1983 claim must allege a causal connection between a defendant and an alleged constitutional violation. See *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Brian Owens is subject to dismissal on this ground alone.

Moreover, to any extent that Plaintiff is attempting to hold Brian Owens responsible for the actions of his subordinates employed at the Georgia Department of Corrections, it is well settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986). Instead the plaintiff must show that the supervisor personally

---

[1] It is not clear if Plaintiff is seeking damages or injunctive relief in this action because the only relief he requests is to have "a lawsuit against this prison which is Baldwin State Prison." (Doc. 5 at 6).

participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett*, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Plaintiff has not made such a showing.

In accordance with the above analysis, it is **RECOMMENDED** that Plaintiff's due process claim be **DISMISSED**. Additionally, it is **RECOMMENDED** that the Defendants associated with this claim, **LT. JAMES BLAND, LILLIAN WARREN**, and **COII DEXTER SPIKES**, be **DISMISSED** as well. Finally, it is **RECOMMENDED** that Defendant **BRIAN OWENS** be dismissed.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

At this stage in the litigation, the Court cannot find that Plaintiff's claim against Defendant **DOUG UNDERWOOD** is wholly frivolous. Therefore, this claim shall go forward against this one Defendant.

It is hereby **ORDERED** that service be made against Defendants and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and

correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court. This 90-day period shall run separately as to each Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following

limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby authorized to forward payments from the Prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 25th day of April, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge