IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ERIC J. BUTLER , | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:12-CV-1 (MTT) |
| | : | |
| DOUG UNDERWOOD, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court are Defendant Doug Underwood's Motion to Dismiss Complaint (Doc. 32), Motion to Dismiss Amendment to Complaint (Doc. 40), and Motion to Dismiss Supplemental Complaint (Doc. 47). Because Plaintiff Eric J. Butler failed to exhaust his administrative remedies prior to filing his Complaint and his amended Complaint, it is hereby **RECOMMENDED** that Defendant's motions be **GRANTED**.

On December 31, 2011, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant was deliberately indifferent to a substantial risk of serious harm to Plaintiff by failing to protect Plaintiff from other inmates in violation of the Eighth Amendment. Doc. 1. According to the Complaint, Defendant was attacked by approximately six unknown inmates at Baldwin State Prison (BSP) on September 25, 2011. Docs. 1, 5.[1] Following the attack, Plaintiff was placed in segregation. Id. Because he feared another attack, Plaintiff informed Defendant that he wished to remain in segregation and did not want to be housed with any other inmates. Id. Defendant denied Plaintiff's requests, and Plaintiff was returned to general

---

[1] Plaintiff filed his original Complaint without using the standard form for Section 1983 complaints. Doc. 1. Plaintiff then filed his Complaint with the same allegations on the standard form upon the Court's instructions. Doc. 5.

1

population. Id. Upon his return to general population, Plaintiff was attacked a second time on October 29, 2011, allegedly by the same unknown inmates. Id. Plaintiff was severely injured and hospitalized following each attack. Id. Plaintiff filed his Complaint to challenge Defendant's decision to return Plaintiff to general population after Plaintiff requested either to remain in segregation or to be placed in protective custody. Id.

After Plaintiff filed his Complaint, Plaintiff was attacked for a third time on July 9, 2012, again allegedly by the same unknown inmates at BSP.[2] Docs. 37, 43. Plaintiff was severely injured and hospitalized following the attack. Id. Plaintiff again contends that his requests to Defendant to remain in segregation or be placed in protective custody were ignored. Id. On July 25, 2012, Plaintiff moved to amend his Complaint to add additional claims, including a second failure-to-protect claim against Defendant. Doc. 37. On August 8, 2012, the Court granted Plaintiff's motion in part, allowing Plaintiff to add the second failure-to-protect claim. Doc. 39. On August 29, 2012, Plaintiff filed a Supplemental Complaint attempting to add Governor Nathan Deal as a defendant and additional state law claims. Doc. 44. Defendant has moved to dismiss the Complaint, the amendment to the Complaint, and the Supplemental Complaint. Docs. 32, 40, 47.

Defendant argues that Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint and his amended Complaint. Because Plaintiff did not receive the Commissioner's denial of his grievance appeal or wait the requisite 90 days before filing his Complaint, and because Plaintiff did not fully exhaust his administrative remedies regarding his second failure-to-protect claim before filing his amended Complaint, Plaintiff's claims must be dismissed without prejudice for failing to exhaust his administrative remedies.

---

[2] Plaintiff has since been transferred to Hays State Prison. Doc. 42.

The Prison Litigation Reform Act (PLRA) requires an incarcerated plaintiff to exhaust his available administrative remedies before bringing any action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. Booth v. Churner, 532 U.S. 731, 734 (2001); Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). Moreover, the exhaustion requirement requires proper exhaustion in compliance with the administrative process, and claims that are not properly exhausted must be dismissed. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999). The Eleventh Circuit has made it clear that the exhaustion of available administrative remedies is mandatory, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander, 159 F.3d at 1326. In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies. Harper, 179 F.3d at 1312. Because a plaintiff must fully exhaust his administrative remedies prior to filing his complaint, a plaintiff's claims that that have not been exhausted prior to the filing of the complaint must be dismissed even if the plaintiff has since exhausted his administrative remedies. Smith v. Terry, 2012 WL 4465609 (11th Cir. 2012) (slip copy).

Where a motion to dismiss is based on the affirmative defense of failure to exhaust administrative remedies, the review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. Id. at 1082. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the

3

disputed factual issues related to exhaustion. Id. At the second stage of the analysis, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

Although Petitioner makes general allegations that he exhausted his available administrative remedies, Defendant has provided undisputed evidence that that Plaintiff failed to exhaust each of his claims prior to filing his Complaint and amended Complaint. In support of his motions, Defendant has attached the affidavits of BSP Chief Counselor Jo Hunding. Docs. 32-2, 40-2. Defendant has also attached the Georgia Department of Corrections Standard Operating Procedures (GDOC SOP). Exhibit A (Doc. 32-3). The GDOC SOP provides the GDOC grievance process, which requires inmates to attempt to resolve grievances internally by following these three steps: (1) file an informal grievance, to which the prisoner's counselor must respond within 10 days; (2) file a formal grievance, to which the warden must respond within 30 days; and (3) file an appeal with the Central Office in Atlanta, to which the Commissioner must respond within 90 days. Id.

Defendant has also provided Plaintiff's grievance history at BSP, which shows that Plaintiff filed an informal grievance, a formal grievance, and a grievance appeal regarding his first claim. Exhibit B (Doc. 32-4). Plaintiff, however, did not receive the Commissioner's response to his appeal or wait the requisite 90 days before filing his Complaint. Plaintiff filed his grievance appeal on November 30, 2011. Id. at 5. Plaintiff filed his Complaint approximately 30 days later. Doc. 1. Plaintiff then received the Commissioner's denial on January 5, 2012, after he had already filed his Complaint. Exhibit B (Doc. 32-4 at 6). Accordingly, Plaintiff failed to exhaust his administrative remedies regarding his first claim before filing his Complaint. See Smith, 2012 WL 4465609 at *1 (finding that the plaintiff failed to exhaust his administrative

remedies when he "failed to either receive the Commissioner's denial of his appeal or wait the requisite 90 days before filing his section 1983 complaint").

Plaintiff also failed to exhaust his administrative remedies regarding his second claim before filing his amended Complaint. Plaintiff's grievance history shows that he filed an informal grievance and a formal grievance regarding his second claim. Doc. 40-2. Plaintiff, however, failed to wait for the resolution of his formal grievance before filing his amended Complaint. Plaintiff filed his formal grievance on July 23, 2012. Id. at 24. Plaintiff then filed his motion to amend his Complaint on July 25, 2012. Id. Although Plaintiff contends that he exhausted his remedies because he never received a response to his formal grievance, Plaintiff only waited two days before moving to amend his Complaint. As such, Plaintiff failed to wait the requisite 30 days to receive the Warden's response to his formal grievance before moving to amend his Complaint. Accordingly, Plaintiff failed to exhaust his administrative remedies regarding his second claim.

Because Plaintiff failed to exhaust his administrative remedies for each of his claims, it is hereby **RECOMMENDED** that Defendant's motions be **GRANTED** and that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 20th day of December, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge